-------------------------------------------------------------X

| | |
|---|---|
| MEGHAN MAGEE, SAMANTHA BAILEY and : | |
| ROBERT BLOOMINGER JR., Individually : | |
| and on Behalf of All Other Persons Similarly : | Case No.: |
| Situated, : | |
| : | |
| Plaintiffs, : | COLLECTIVE AND CLASS |
| : | ACTION COMPLAINT |
| -against- : | AND JURY DEMAND |
| : | |
| FRANCESCA'S HOLDINGS CORP. and : | |
| FRANCESCA'S COLLECTIONS, INC., : | |
| : | |
| Defendants. : | |

-------------------------------------------------------------X

## <u>INTRODUCTION</u>

Plaintiffs Meghan Magee ("Magee"), Samantha Bailey ("Bailey") and Robert

Bloominger Jr. ("Bloominger") (collectively "Plaintiffs"), individually and on behalf of

themselves and all others similarly situated, file this Collective and Class Action Complaint

against Francesca's Holdings Corp. and Francesca's Collections, Inc. ("Francesca's" or

"Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938

("FLSA"), 29 U.S.C. §§ 201, *et. seq*., and as to Plaintiff Magee and the New Jersey Class set

forth hereinafter, seeking all available relief under New Jersey State Wage and Hour Law,

N.J.S.A. 34:11-56(a) through 34:11-56(a)30 (the "NJWHL"), and as to Plaintiff Bailey and the

Illinois Class set forth hereinafter, seeking all available relief under Illinois Minimum Wage

Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* (the "IMWL"), and as to Plaintiff Bloominger and the

Pennsylvania Class set forth hereinafter, seeking all available relief under the Pennsylvania

Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.* (the "PMWA"). The following allegations are

based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## **NATURE OF THE ACTION**

1.      Plaintiffs allege on behalf of themselves and other current and former Store Managers and similarly situated current and former employees holding comparable positions but different titles, including but not limited to Boutique Managers (collectively, "Store Managers"), employed by Defendants in the United States, who elect to opt into this action pursuant to the FLSA (the "FLSA Collective"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2.      Plaintiff Magee also brings this action under the NJWHL pursuant to Fed. R. Civ. P. 23 on behalf of all Store Managers and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendants at its stores within the State of New Jersey (the "New Jersey Class").  Defendants violated the NJWHL by failing to pay the New Jersey Class overtime at a rate of time and one-half for all hours worked above 40 in a workweek, and failing to pay the New Jersey Class overtime on a timely basis. Plaintiff Magee and the New Jersey Class are entitled to unpaid overtime wages from Defendants for all hours worked b above 40 in a workweek, and are also entitled to liquidated damages pursuant to the NJWHL.

3.      Plaintiff Bailey also brings this action under the IMWL pursuant to Fed. R. Civ. P. 23 on behalf of all Store Managers and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendants at its stores within the State of Illinois (the "Illinois Class").  Defendants violated the IMWL by failing to

pay the Illinois Class overtime at a rate of time and one-half for all hours worked above 40 in a workweek, and failing to pay the Illinois Class overtime on a timely basis. Plaintiff Bailey and the Illinois Class are entitled to unpaid overtime wages from Defendants for all hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the IMWL.

4.      Plaintiff Bloominger also brings this action under the PMWA pursuant to Fed. R. Civ. P. 23 on behalf of all Store Managers and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendants at its stores within the State of Pennsylvania (the "Pennsylvania Class") (the New Jersey Class, the Illinois Class and the Pennsylvania Class are collectively refereed to as the "State Classes"). Defendants violated the PMWA by failing to pay the Pennsylvania Class overtime at a rate of time and one-half for all hours worked above 40 in a workweek, and failing to pay the Pennsylvania Class overtime on a timely basis. Plaintiff Bloominger and the Pennsylvania Class are entitled to unpaid overtime wages from Defendants for all hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the PMWA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      This Court has jurisdiction over the asserted Rule 23 claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

7.      This Court also has jurisdiction over the asserted Rule 23 claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims that they form part of the same case or controversy.

8.      The claims of Plaintiffs and the members of the FLSA Collective and State Classes involve matters of national and/or interstate interest.

9.      Defendants do business in and are subject to personal jurisdiction in this District.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Plaintiff Magee resides in and worked for Defendants in this District, and the violations occurred in this District.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12.     Each Defendant is a covered employer within the meaning of the FLSA, the NJWHL, IMWL and PMWA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## THE PARTIES

**Plaintiffs**

### *Plaintiff Meghan Magee*

13.     Plaintiff Magee was, at all relevant times, an adult individual over the age of eighteen (18), residing in Maple Shade, New Jersey.

14.     Plaintiff Magee was employed by Defendants from approximately March 2014 until September 2015, as a Store Manager at Defendants' store located in Moorestown, New Jersey.

15.     Plaintiff Magee regularly worked more than 40 hours in a workweek, but was not paid for any hours she worked over 40.

16. On average, throughout her employment with Defendants, Magee worked approximately 45 to 55 hours per week, during the relevant period.

17. Defendants failed to keep accurate records of the hours that Magee worked as a Store Manager.

18. Plaintiff Magee's consent to join this action is attached hereto as Exhibit A.

**Plaintiff Samantha Bailey**

19. Plaintiff Bailey was, at all relevant times, an adult individual over the age of eighteen (18), residing in Chicago, Illinois.

20. Plaintiff Bailey was employed by Defendants from approximately September 2014 until September 2015, as a Store Manager at Defendants' store located in Chicago, Illinois.

21. Plaintiff Bailey regularly worked more than 40 hours in a workweek, but was not paid for any hours she worked over 40.

22. On average, throughout her employment with Defendants, Bailey worked approximately 45 to 55 hours per week, during the relevant period.

23. Defendants failed to keep accurate records of the hours that Bailey worked as a Store Manager.

24. Plaintiff Bailey's consent to join this action is attached hereto as Exhibit B.

**Plaintiff Robert H. Bloominger Jr.**

25. Plaintiff Bloominger was, at all relevant times, an adult individual over the age of eighteen (18), residing in Harrisburg, Pennsylvania.

26. Plaintiff Bloominger was employed by Defendants from approximately June 2015 until March 2016, as a Store Manager at Defendants' store located in Lancaster, Pennsylvania.

27.    Plaintiff Bloominger regularly worked more than 40 hours in a workweek, but was not paid for any hours he worked over 40.

28.    On average, throughout her employment with Defendants, Bloominger worked approximately 45 to 55 hours per week, during the relevant period.

29.    Defendants failed to keep accurate records of the hours that Bloominger worked as a Store Manager.

30.    Plaintiff Bloominger's consent to join this action is attached hereto as Exhibit C.

**Defendants**

*Defendant Francesca's Holdings Corp.*

31.    Upon information and belief, Defendant Francesca's Holdings Corp. is a Delaware corporation with its principal places of business located at 8760 Clay Road, Houston, Texas 77080. According to its SEC Form 10-k, Francesca's Holdings Corp. is a public company with more than 600 specialty retail stores or "boutiques" nationwide, offering a "unique, fun and differentiated shopping experience" including "apparel, jewelry, accessories and gifts."

*Defendant Francesca's Collections, Inc.*

32.    Upon information and believe, Defendant Francesca's Collections, Inc. is a Texas corporation and wholly-owned subsidiary of Francesca's Holdings Corp., with its principal place of business located at 8760 Clay Road, Houston, Texas 77080.

33.    Defendants Francesca's Holdings Corp. and Francesca's Collections, Inc. operate as a common enterprise such that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA and state law.

34.     At all relevant times, Defendants were the employers or joint employers of Plaintiffs and the members of the FLSA Collective and the State Classes, within the meaning of the applicable statutes.

35.     At all relevant times, each Defendant has employed Plaintiffs and the members of the FLSA Collective and the State Classes, within the meaning of the applicable statutes.

36.     At all relevant times, each Defendant is a covered employer within the meaning of the FLSA, NJWHL, IMWL and PMWA, and has been and continues to be an enterprise engaged in commerce or the production of goods for commerce within the meaning of those laws.

37.     At all relevant times, each Defendant has had gross revenues in excess of $500,000.00.

38.     Defendants issued paychecks to Plaintiffs and the members of the FLSA Collective and the State Classes during their employment.

39.     Defendants directed the work of Plaintiffs and the members of the FLSA Collective and the State Classes, and benefited from work performed that Defendants suffered or permitted from them.

40.     Plaintiffs and the members of the FLSA Collective and the State Classes worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

41.     Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiffs and the members of the FLSA Collective and the State Classes proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## COMMON FACTUAL ALLEGATIONS

42.     Defendants employed Plaintiffs and the members of the FLSA Collective and the State Classes as Store Managers.

43.     Defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices with respect to Plaintiffs and the members of the FLSA Collective and the State Classes.

44.     The work of Plaintiffs and the members of the FLSA Collective and the State Classes was performed in the normal course of Defendants' business and was integrated into that business.

45.     Consistent with Defendants' policy, pattern and/or practice, Plaintiffs and the members of the FLSA Collective and the State Classes regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA, NJWHL, IMWL and PMWA.

46.     The number of shifts Plaintiffs or each individual member of the FLSA Collective and the State Classes worked per week can be ascertained from Defendants' records.

47.     Defendants have assigned all of the work that Plaintiffs and the members of the FLSA Collective and the State Classes have performed, and Defendants are aware of the work that they have performed.

48.     This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

49.     Throughout the period relevant to this Complaint, Plaintiffs and the members of the FLSA Collective and the members State Classes performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting

customers, organizing the store according to detailed corporate directives, and unpacking merchandise.

50.     The primary job duties of Plaintiffs and the members of the FLSA Collective and the members of the State Classes did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

51.     Plaintiffs and the members of the FLSA Collective and the members of the State Classes frequently worked alone, and when not working alone, usually had themselves and only one another associate in the store.

52.     The primary job duties of Plaintiffs and the members of the FLSA Collective and State Classes, did not materially differ from the duties of non-exempt hourly paid employees. Their primary duties were manual in nature.  The performance of manual labor and non-exempt duties occupied the majority of the working hours of the Plaintiffs and the members of the FLSA Collective and State Classes.

53.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all Store Managers and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA, NJWHL, IMWL and PMWA.

54.     Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of Store Managers when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA, NJWHL, IMWL and PMWA.

55.     Defendants established labor budgets to cover labor costs for the stores in which Plaintiffs and the members of the FLSA Collective and State Classes worked.  Defendants did

not provide sufficient money in the labor budgets to cover all the wages necessary to have non-exempt employees complete all of the non-exempt tasks in each store.

56.     Defendants knew or recklessly disregarded the fact that underfunding store labor budgets resulted in Plaintiffs and members of the FLSA Collective and State Classes (who were not paid overtime) primarily performing manual and non-exempt duties.

57.     By underfunding the store labor budget, Defendants avoided paying any overtime compensation to the Store Managers for performing non-exempt activities over 40 hours a workweek.  The decision to misclassify Store Managers as exempt was calculated to allow Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

58.     Defendants acted willfully and knew, by virtue of the fact that its District Managers (as its authorized agents) actually saw Plaintiffs and members of the FLSA Collective and State Classes perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

59.     Defendants also knew by virtue of its policies concerning scheduling and labor budgets that Plaintiffs and members of the FLSA Collective and State Classes regularly and customarily did not direct two or more employees, there frequently being only a Store Manager and/or a Store Manager and only one associate scheduled to work most shifts.

60.     As an experienced and practical retailer operating hundreds of stores throughout the country for over 17 years, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiffs and members of the FLSA Collective and State Classes (a) did not customarily and regularly direct two or more employees;

and (b) were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any exemption under the applicable laws. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and members of the FLSA Collective and State Classes as non-exempt employees.

61.     Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA, NJWHL, IMWL and PMWA.

62.     As part of their regular business practice, Defendants intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA, NJWHL, IMWL and PMWA with respect to Plaintiffs and the members of the FLSA Collective and State Classes. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiffs, the members of the FLSA Collective and State Classes were and have been performing, and that, as a result, Defendants have been:

  a.   willfully misclassifying Plaintiffs and members of the FLSA Collective and State Classes as exempt from the overtime requirements of the FLSA, NJWHL, IMWL and PMWA;

  b.   willfully failing to pay Plaintiffs and members of the FLSA Collective and State Classes overtime wages for hours they worked in excess of 40 hours per week; and

  c.   willfully failing to provide enough money in their store-level labor budgets for their non-exempt employees to perform their duties and responsibilities, forcing their exempt Store Managers to perform such non-exempt tasks.

63.     Defendants' willful violations of the FLSA are further demonstrated by the fact that Defendants failed to maintain accurate and sufficient time records for Plaintiffs and the

members of the FLSA Collective and State Classes. Defendants acted recklessly or in willful

disregard of the FLSA, NJWHL, IMWL and PMWA by instituting a policy and/or practice that

did not allow Plaintiffs and the members of the FLSA Collective and State Classes to record all

hours worked.

64.     Due to the foregoing, Defendants' failure to pay overtime wages for work

performed by Plaintiffs and the members of the FLSA Collective and State Classes in excess of

40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA

claims on behalf of themselves and the FLSA Collective consisting of all persons who are

currently or were formerly employed by Defendants Francesca's Holdings Corp. and/or

Francesca's Collections, Inc. as Store Managers and individuals holding comparable salaried

positions with different titles employed by Defendants within the United States during the three

years prior to the date of filing this Complaint to the entry of judgment in this case (the "FLSA

Claims Period").

66.     Defendants are jointly and severally liable under the FLSA for, *inter alia*, failing

to pay proper overtime wages to Plaintiffs and the members of the FLSA Collective.

67.     There are many similarly situated current and former Store Managers who have

not been paid proper overtime wages in violation of the FLSA and who would benefit from the

issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice

should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

68.     The members of the FLSA Collective are known to Defendants, are readily

identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

***The New Jersey Class***

69.     Plaintiff Magee sues on her own behalf and on behalf of the New Jersey Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) (the "New Jersey Class Representative").

70.     The New Jersey Class Representative seeks to prosecute her NJWHL claims on behalf of herself and the New Jersey Class consisting of all current and former employees of Defendants who, at any time within the two (2) years prior to the filing of the Complaint through the date of final disposition of this matter, have been employed by Defendants in the position of Store Managers and/or employees holding comparable positions but different titles in a Defendants store located in the State of New Jersey, and classified as exempt from overtime compensation, and have not been paid for all hours worked by them as well as overtime wages ("New Jersey Class Action Period").

71.     Excluded from the New Jersey Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

72.     The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 100 members of the New Jersey Class.

73.     Defendants have acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

74.     There are questions of law and fact common to the New Jersey Class that predominate over any questions solely affecting individual members of the New Jersey Class, including but not limited to:

a.   whether Defendants have failed and/or refused to pay Magee and the New Jersey Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of the NJWHL;

b.   the nature and extent of the class-wide injury and the appropriate measure of damages for the New Jersey Class;

c.   whether Defendants had a uniform policy and practice of failing to accurately track or record actual hours worked by the members of the New Jersey Class;

d.   whether Defendants furthered their uniform policy and practice of failing to accurately track or record actual hours worked by the members of the New Jersey Class by instructing them:  (i) not to track all hours they worked but instead to record only their scheduled hours; (ii) not to record overtime hours worked; (iii) failing to provide the members of the New Jersey Class with a method to accurately record the hours they actually worked; and (iv) requiring the New Jersey Class members to under-state the number of hours they actually worked;

e.   whether Defendants' policy and practice of failing to accurately track or record hours worked by the members of the New Jersey Class was willful; and

f.   whether Defendants can prove that their unlawful policies were implemented in good faith.

75.     The claims of the New Jersey Class Representative are typical of the claims of the New Jersey Class she seeks to represent.  The New Jersey Class Representative and the other New Jersey Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40

hours per week. Defendants acted and refused to act on grounds generally applicable to the New Jersey Class, thereby making declaratory relief with respect to the New Jersey Class appropriate.

76.     The New Jersey Class Representative has the same interests in this matter as all other Class Members, and her claims are typical of the Class and thus would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

77.     The New Jersey Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of the NJWHL claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

79.     The members of the New Jersey Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual New Jersey Class members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

80.     Class treatment of the New Jersey Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

### *The Illinois Class*

81.     Plaintiff Bailey sues on her own behalf and on behalf of the Illinois Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) (the "Illinois Class Representative").

82.     The Illinois Class Representative seeks to prosecute her IMWL claims on behalf of herself and the Illinois Class consisting of all current and former employees of Defendants who, at any time within the three (3) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendants in the position of Store Managers and/or employees holding comparable positions but different titles in a Defendants store located in the State of Illinois, and classified as exempt from overtime compensation, and have not been paid for all hours worked by them as well as overtime wages ("Illinois Class Action Period").

83.     Excluded from the Illinois Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

84.     The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 100 members of the Illinois Class.

85.     Defendants have acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

86. There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

    a. whether Defendants violated the IMWL;

    b. whether Defendants failed to compensate the Illinois Class Representative and the Illinois Class for hours worked in excess of 40 hours per workweek;

    c. whether Defendants failed to properly compensate the Illinois Class Representative and the Illinois Class for hours worked in excess of 40 hours per workweek;

    d. whether Defendants misclassified Illinois Class Representative and the Illinois Class;

    e. whether Defendants' policy of misclassifying the Illinois Class Representative and the Illinois Class was done willfully or with reckless disregard of the law;

    f. whether Defendants failed to keep true and accurate time records for all hours worked by the Illinois Class Representative and the Illinois Class;

    g. the proof of hours worked required where an employer fails in its duty to maintain true and accurate time records; and

    h. the nature and extent of class-wide injury and the measure of damages for those injuries.

87. The claims of the Illinois Class Representative are typical of the claims of the Illinois Class she seeks to represent. The Illinois Class Representative and the other Illinois Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the Illinois Class, thereby making declaratory relief with respect to the Illinois Class appropriate.

88. The Illinois Class Representative will fairly and adequately represent and protect the interests of the Illinois Class.

89.     The Illinois Class Representative has the same interests in this matter as all other Class Members, and her claims are typical of the Class and thus would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

90.     The Illinois Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

91.     A class action is superior to other available methods for the fair and efficient adjudication of the IMWL claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

92.     The members of the Illinois Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures.  Although the relative damages suffered by individual Illinois Class members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

93.     Class treatment of the Illinois Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

### *The Pennsylvania Class*

94.     Plaintiff Bloominger sues on his own behalf and on behalf of the Pennsylvania Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) (the "Pennsylvania Class Representative").

95.     The Pennsylvania Class Representative seeks to prosecute his PMWA claims on behalf of himself and the Pennsylvania Class consisting of all current and former employees of Defendants who, at any time within the three (3) years prior to the filing of the Complaint

through the date of final disposition of this matter, have been employed by Defendants in the position of Store Managers and/or employees holding comparable positions but different titles in a Defendants store located in the State of Pennsylvania, and classified as exempt from overtime compensation, and have not been paid for all hours worked by them as well as overtime wages ("Pennsylvania Class Action Period").

96.     Excluded from the Pennsylvania Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Class.

97.     The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 100 members of the Pennsylvania Class.

98.     Defendants have acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Class as a whole.

99.     There are questions of law and fact common to the Pennsylvania Class that predominate over any questions solely affecting individual members of the Pennsylvania Class, including but not limited to:

> a.    whether Defendants have failed and/or refused to pay Bloominger and the Pennsylvania Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of the PMWA;

b. the nature and extent of the class-wide injury and the appropriate measure of damages for the Pennsylvania Class;

c. whether Defendants had a uniform policy and practice of failing to accurately track or record actual hours worked by the members of the Pennsylvania Class;

d. whether Defendants furthered their uniform policy and practice of failing to accurately track or record actual hours worked by the members of the Pennsylvania Class by instructing them: (i) not to track all hours they worked but instead to record only their scheduled hours; (ii) not to record overtime hours worked; (iii) failing to provide the members of the Pennsylvania Class with a method to accurately record the hours they actually worked; and (iv) requiring the Pennsylvania Class members to under-state the number of hours they actually worked;

e. whether Defendants' policy and practice of failing to accurately track or record hours worked by the members of the Pennsylvania Class was willful; and

f. whether Defendants can prove that their unlawful policies were implemented in good faith.

100. The claims of the Pennsylvania Class Representative are typical of the claims of the Pennsylvania Class he seeks to represent. The Pennsylvania Class Representative and the other Pennsylvania Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the Pennsylvania Class, thereby making declaratory relief with respect to the Pennsylvania Class appropriate.

101. The Pennsylvania Class Representative has the same interests in this matter as all other Class Members, and his claims are typical of the Class and thus would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

102. The Pennsylvania Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

103.     A class action is superior to other available methods for the fair and efficient adjudication of the PMWA claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

104.     The members of the Pennsylvania Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Pennsylvania Class members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

105.     Class treatment of the Pennsylvania Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES
### <u>(On behalf of Plaintiffs and the FLSA Collective)</u>

106.     Plaintiffs, on behalf of themselves and the members of the FLSA Collective, reallege and incorporate by reference the preceding paragraphs.

107.     At all relevant times, Defendants employed Plaintiffs, and employed or continue to employ, each of the members of the FLSA Collective within the meaning of the FLSA.

108.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective and Class Action Complaint.

109.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

110. At all relevant times, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

111. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

112. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

113. At all times relevant, Plaintiffs and the members of the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

114. At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to pay overtime compensation to its Store Managers and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

115. As a result of Defendants' willful failure to compensate their employees, including Plaintiffs and the members of the FLSA Collective, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

116. As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiffs and the members of the FLSA Collective, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

117.    As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendants knew or recklessly disregarded the fact that Plaintiffs and the members of the FLSA Collective were primarily performing manual labor and non-exempt tasks.

118.    Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and members of the FLSA Collective, Defendants' actual knowledge, through their District Managers, that the primary duties of Plaintiffs and the members of the FLSA Collective were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of the job duties of Plaintiffs and the members of the FLSA Collective to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiffs and the members of the FLSA Collective to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

119.    As a result of Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the FLSA Collective, is entitled to recover from Defendants (a) their unpaid wages for all of the hours worked by them, as overtime compensation, (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements

of this action, pursuant to 29 U.S.C. § 216(b), with such amounts to be determined at trial or through undisputed record evidence.

120.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**NJWHL:  UNPAID OVERTIME WAGES**
**<u>(On behalf of the New Jersey Class Representative and the New Jersey Class)</u>**

121.     The New Jersey Class Representative realleges and incorporates by reference all allegations in the preceding paragraphs.

122.     Defendants engaged in a widespread policy, pattern or practice of violating the NJWHL, as described in this Collective and Class Action Complaint.

123.     Defendants' violations of the NJWHL, as described in this Collective and Class Action Complaint, have been willful and intentional.

124.     At all times relevant, the New Jersey Class Representative and the members of the New Jersey Class were employees and Defendants were employers within the meaning of NJWHL.

125.     Defendants employed the New Jersey Class Representative and the members of the New Jersey Class in New Jersey within the meaning of the term "employ[s]" in the NJWHL.

126.     The New Jersey Class Representative and the members of the New Jersey Class are "person[s]" within the meaning of in the NJWHL.

127.     Each of the Defendants employed the New Jersey Class Representative and the members of the New Jersey Class as an employer or a joint employer, all as further alleged herein.

128.     The New Jersey Class Representative and the members of the New Jersey Class were persons suffered or permitted to work by Defendants, all as further alleged herein.

129.     At all materials times, the New Jersey Class Representative and the New Jersey Class members are not and have not been independent contractors or subcontractors.

130.     The members of the New Jersey Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout New Jersey, of failing to credit and pay them overtime compensation in violation of the NJWHL.

131.     The overtime wage provisions of the NJWHL apply to Defendants and protect the New Jersey Class Representative and the New Jersey Class members.

132.     Defendants failed to pay the New Jersey Class Representative and the other members of the New Jersey Class the overtime wages to which they are entitled under the NJWHL.

133.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Jersey Class Representative and the members of the New Jersey Class and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

134.     By Defendants' knowing or intentional failure to pay the New Jersey Class Representative and the members of the New Jersey Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NJWHL.

135.     Due to Defendants' violations of the NJWHL, the New Jersey Class Representative and the New Jersey Class members are entitled recover from Defendants, jointly and severally, their unpaid wages for all hours worked, overtime compensation, damages and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to NJWHL.

## THIRD CAUSE OF ACTION
## IMWL: Unpaid Wages
## (On behalf of the Illinois Class Representative and the Illinois Class)

136.     The Illinois Class Representative realleges and incorporates by reference all allegations in the preceding paragraphs.

137.     Defendants engaged in a widespread policy, pattern or practice of violating the IMWL, as described in this Collective and Class Action Complaint.

138.     Defendants' violations of the IMWL, as described in this Collective and Class Action Complaint, have been willful and intentional.

139.     At all times relevant, the Illinois Class Representative and the members of the Illinois Class were employees and Defendants were employers within the meaning of IMWL.

140.     Each of the Defendants employed the Illinois Class Representative and the members of the Illinois Class as an employer or a joint employer, all as further alleged herein.

141.     The Illinois Class Representative and the members of the Illinois Class were persons suffered or permitted to work by Defendants, all as further alleged herein.

142.     At all materials times, the Illinois Class Representative and the Illinois Class members are not and have not been independent contractors or subcontractors.

143.     The members of the Illinois Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout the Illinois, of failing to credit and pay them overtime compensation in violation of the IMWL.

144.     The overtime wage provisions of the IMWL and its supporting regulations, apply to Defendants and protect the Illinois Class Representative and the Illinois Class members.

145.     Defendants failed to pay the Illinois Class Representative and the other members of the Illinois Class the overtime wages to which they are entitled under the IMWL.

146.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Illinois Class Representative and the members of the Illinois Class and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

147.     By Defendants' knowing or intentional failure to pay the Illinois Class Representative and the members of the Illinois Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the IMWL.

148.     Due to Defendants' violations of the IMWL, the Illinois Class Representative and the Illinois Class members are entitled recover from Defendants, jointly and severally, their unpaid wages for all hours worked, overtime compensation, damages and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to the IMWL.

## FOURTH CAUSE OF ACTION
### PMWA:  Unpaid Wages
### (On behalf of the Pennsylvania Class Representative and the Pennsylvania Class)

149.     The Pennsylvania Class Representative realleges and incorporates by reference all allegations in the preceding paragraphs.

150.     Defendants engaged in a widespread policy, pattern or practice of violating the PMWA, as described in this Collective and Class Action Complaint.

151.     Defendants' violations of the PMWA, as described in this Collective and Class Action Complaint, have been willful and intentional.

152.     At all times relevant, the Pennsylvania Class Representative and the members of the Pennsylvania Class were employees and Defendants were employers within the meaning of PMWA.

153.     Each of the Defendants employed the Pennsylvania Class Representative and the members of the Pennsylvania Class as an employer or a joint employer, all as further alleged herein.

154.     The Pennsylvania Class Representative and the members of the Pennsylvania Class were persons suffered or permitted to work by Defendants, all as further alleged herein.

155.     At all materials times, the Pennsylvania Class Representative and the Pennsylvania Class members are not and have not been independent contractors or subcontractors.

156.     The members of the Pennsylvania Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout the Pennsylvania, of failing to credit and pay them overtime compensation in violation of the PMWA.

157.     The overtime wage provisions of the PMWA and its supporting regulations, apply to Defendants and protect the Pennsylvania Class Representative and the Pennsylvania Class members.

158.     Defendants failed to pay the Pennsylvania Class Representative and the other members of the Pennsylvania Class the overtime wages to which they are entitled under the PMWA.

159.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Pennsylvania Class Representative and the members of the Pennsylvania

Class and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

160.     By Defendants' knowing or intentional failure to pay the Pennsylvania Class Representative and the members of the Pennsylvania Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the PMWA.

161.     Due to Defendants' violations of the PMWA, the Pennsylvania Class Representative and the Pennsylvania Class members are entitled recover from Defendants, jointly and severally, their unpaid wages for all hours worked, overtime compensation, damages and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to the PMWA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the members of the FLSA Collective, New Jersey Class, Illinois Class and Pennsylvania Class are entitled to and pray for the following relief:

a.       Designation of this action as an FLSA collective action on behalf of Plaintiffs and the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.       Certification of the New Jersey Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Magee and her counsel to represent the members of the New Jersey Class;

c.      Certification of the Illinois Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Bailey and her counsel to represent the members of the Illinois Class;

d.      Certification of the Pennsylvania Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Bloominger and his counsel to represent the members of the Pennsylvania Class;

e.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NJWHL, IMWL and PMWA;

f.      An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, NJWHL, IMWL and PMWA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA, NJWHL, IMWL and PMWA;

h.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

j.      An award of prejudgment and post-judgment interest;

k.      An award of costs and expenses of this action together with reasonable attorneys'
and expert fees and an award of a service payments to the Plaintiffs; and

l.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs, members of the FLSA Collective, and the

members of the State Classes demand a trial by jury on all questions of fact raised by the

Complaint.

Dated: January 27, 2017
       New York, NY                        Respectfully submitted,

                                           _____
                                           Michael Palitz
                                           E-mail: mpalitz@shavitzlaw.com
                                           **SHAVITZ LAW GROUP, P.A.**
                                           830 3rd Avenue, 5th Floor
                                           New York, NY 10022
                                           Telephone: (800) 616-4000
                                           Facsimile: (561) 447-8831

                                           Paolo C. Meireles
                                           E-mail: pmeireles@shavitzlaw.com
                                           Gregg I. Shavitz*
                                           E-mail: gshavitz@shavitzlaw.com
                                           **SHAVITZ LAW GROUP, P.A.**
                                           1515 S. Federal Highway, Suite 404
                                           Boca Raton, Florida 33432
                                           Telephone: (561) 447-8888
                                           Facsimile: (561) 447-8831

                                           Marc S. Hepworth
                                           E-mail: mhepworth@hgrlawyers.com
                                           Charles Gershbaum*
                                           Cgershbaum@hgrlawyers.com
                                           David A. Roth*

Droth@hgrlawyers.com
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

***Attorneys for Plaintiffs, the FLSA Collective, the New Jersey Class, the Illinois Class and Pennsylvania Class***

\*_Pro hac vice_ motion to be filed.

# CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Francesca's</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_Meghan Magee_
DocuSigned by:
_____
**Signature**

Meghan Magee
_____
Print Name

## CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Francesca's</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

*Samantha Bailey*

Signature

Samantha Bailey

Print Name

DocuSign Envelope ID: DE6B94E2-E05E-4CEB-9171-B584812F326B

## CONSENT TO JOIN FORM

1.     I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Francesca's</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Robert H. Bloominger Jr.
_____
Print Name