[Doc. No. 172]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

**MAGEE, et al,**

                    **Plaintiffs,**

     **v.**                                    **Civil No. 17-565 (RBK/JS)**

**FRANCESCA'S HOLDING CORP., et al,**

                    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the "Motion to Amend/Correct Plaintiffs' Second Amended Complaint" ("Motion") [Doc. No. 172] filed by plaintiffs, Danielle Prulello, Samantha Bailey, Robert Bloominger, Jr., Katherine Perry, and Kathleen Besaw (collectively, "plaintiffs"). The Court received the opposition filed by defendants Francesca's Holding Corp. and Francesca's Collections, Inc. (collectively "Francesca's" or "defendants") [Doc. No. 174] and plaintiffs' reply [Doc. No. 175]. The Court exercises its discretion to decide plaintiffs' motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be set forth in this Memorandum Opinion and Order, plaintiffs' motion is DENIED.

**Background**

Plaintiffs commenced this Class Action lawsuit against Francesca's on January 27, 2017, asserting claims for unpaid overtime wages. See Compl. [Doc. No. 1]. Plaintiffs bring this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et. seq. ("FLSA"), and several state wage and hour laws. Id. As to plaintiff Magee and the New Jersey Class, the claim is brought under the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56(a); as to plaintiff Bailey and the Illinois Class, under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, et seq.; as to plaintiff Bloominger and the Pennsylvania Class, under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 et seq.; as to plaintiff Perry and the Ohio Class, under the Ohio Minimum Wage Act, O.R.C. § 4111.01 and Section 34a of Article II of the Ohio Constitution; and as to plaintiff Besaw and the New York Class, under the New York Labor Law, Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations (collectively "state wage laws"). See Second Am. Compl. at 2 [Doc. No. 166]. Plaintiffs brought this action because they allege they worked in excess of 40 hours per work week without being paid overtime wages in violation of the FLSA and the state wage laws. See Compl. ¶ ¶ 69-105.

On August 6, 2019 plaintiffs filed their Second Amended Complaint. See Second Am. Compl. [Doc. No. 166]. In their Second

Amended Complaint, the class period was defined by the then-existing two-year statute of limitations. Id. ¶ 85. The same day plaintiffs filed their second amended complaint, the New Jersey State Wage and Hour Law was amended to extend the statute of limitations for wage and hour claims from two years to six years. See N.J. Stat. § 34:11-56a25.1.

Plaintiffs seek to amend paragraph 85 of their Second Amended Complaint to state the six-year statute of limitations for wage claims under New Jersey law. Mot. Mem. of Law at 2 [Doc. No. 172-1]. Defendants oppose the motion on futility grounds and argue New Jersey courts generally apply new laws prospectively and not retroactively, therefore, plaintiffs should not be allowed to amend their complaint to include the six-year statute of limitations. Opp'n Br. at 4. Defendants also argue the new amendment should not be applied retroactively because the New Jersey legislature did not express an intent that the law apply retroactively, the amendment is not curative, and the parties' expectations do not warrant retroactive application. Id. Plaintiffs, however, argue New Jersey courts generally apply statutory amendments to remedies, such as statute of limitations, retroactively to pending claims. Reply Br. at 2.

**Discussion**

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend pleadings "shall be freely given when justice so requires." A court should

3

allow a party to amend its pleading so long as there is no undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice or futility of the amendment. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); see also Forman v. Davis, 371 U.S. 178, 182 (1962). "Absent undue or substantial prejudice ... [denial must] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (quoting Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)). Here, where there is an absence of bad faith, dilatory motive, or delay, the Court need only consider whether plaintiffs' proposed amendment is futile. An amended complaint is futile if it fails to state a claim upon which relief could be granted. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011) (citation omitted). To determine if an amendment is futile a court should use "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citation omitted).

As will be discussed in detail, the Court finds plaintiffs' proposed amendment is futile and, therefore, leave to amend is denied. The Court finds New Jersey law does not support the retroactive application of the amendment to the statute of

4

limitations of the New Jersey Wage and Hour Law. See N.J. STAT. § 34:11-56a25.1.

New Jersey courts have long followed a general rule of statutory construction that favors a prospective application of statutes. See Phillips v. Curiale, 128 N.J. 608, 615 (1992). In determining whether a statute should be applied retroactively, courts consider whether the legislature intended to give the statute retroactive application, and whether the retroactive application of the statute would result in either an unconstitutional interference with vested rights or a manifest injustice. See James v. New Jersey Manufacturers Ins. Co., 216 N.J. 552, 563 (2016). "The essence of this inquiry is whether the affected party relied, to his or her prejudice, on the law that is now to be changed as a result of the retroactive application of the statute, and whether the consequences of this reliance are so deleterious and irrevocable that it would be unfair to apply the statute retroactively." Gibbons v. Gibbons, 86 N.J. 515, 523 (1981). Consistent application of this test results in three circumstances that justify giving a statute retroactive effect: (1) when the legislature expresses its intent that the law apply retroactively, either expressly or implicitly; (2) when an amendment is curative; or (3) when the expectations of the parties so warrant. See James, 216 N.J. at 563; see also Cruz v. Central Jersey Landscaping, Inc., 195 N.J. 33, 46 (2008).

1. Legislative Intent

The Legislature may demonstrate its intent to apply a statute retroactively either by stating so "in the language of the statute or in the pertinent legislative history . . . or [such intent may be] implied." See Gibbons, 86 N.J. at 522 (citation omitted). Implied retroactivity may be found if it is "necessary to make the statute workable or to give it the most sensible interpretation." See Johnson v. Roselle EZ Quick LLC, 2014 N.J. Super. Unpub. LEXIS 2089, at *13 (N.J. Super. Ct. App. Div. Aug. 25, 2014) (citing Gibbons, 86 N.J. 515, 522). When the legislature addresses whether a statute should apply retroactively to the law's enactment, the expression of legislative intent should be given effect absent a compelling reason not to do so. See Nobrega v. Edison Glen Assocs., 167 N.J. 520, 536 (2001).

Here, the legislature did not explicitly state whether the subject amendment should or should not be applied retroactively. However, the amendment provided: "[t]his act shall take effect immediately, except that section 13 shall take effect on the first day of the third month following enactment." L. 2019, c. 212, § 14. Defendants argue the fact that the legislature stated the amendment "take effect immediately" has been interpreted by New Jersey courts to imply prospective application. See Opp'n Br. at 4. Plaintiffs, however, argue that if the Court rules

6

that the amendment only applies prospectively, it would be "contradictory to the underlying purpose of the NJWHL as well as the standard by which several New Jersey courts have interpreted such statutory language." See Reply Br. at 4.

The Court finds nothing in the statutory language suggests retroactivity. The Supreme Court of New Jersey has held the phrase "take effect immediately" implies an intent contrary to, and not supportive of, retroactive application. See Cruz, 195 N.J. at 48 (citing Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 490-91 (N.J. Super. Ct. App. Div. 2000)); see also James, 216 N.J. at 568. In James, for example, an amendment to a statute indicated that it was to "take effect immediately." James, 216 N.J. at 568. In determining whether the legislature intended that the statute apply retroactively, the Supreme Court of New Jersey held that "had the Legislature intended an earlier date for the law to take effect, that intention could have been made plain in the very section directing when the law would become effective." Id.

Similar to the statute in James, the legislature in section 14 of the amendments to the NJWHL indicated the amendments "shall take effect immediately, except that section 13 shall take effect on the first day of the third month following enactment." See L. 2019, c. 212, § 14. The Court is bound by the presumption that statutes are presumed to apply prospectively and by the New Jersey

Supreme Court's interpretation of statutes that take effect "immediately." Therefore, the Court finds the legislature's intent was for the subject amendment to apply prospectively and not retroactively. The Court also finds the retroactivity of the amendment cannot be implied given that it is not "necessary to make the statute workable or to give it the most sensible interpretation." See Johnson, 2014 N.J. Super. Unpub. LEXIS, at *13 (citing Gibbons, 86 N.J. at 522). Therefore, the Court finds the legislature's intent was for the amendment to apply prospectively and not retroactively.

    2. Curative Exception

A statutory provision also may be afforded retroactive application if it is "curative," that is, designed to "remedy a perceived imperfection in or misapplication of a statute." See Cruz, 195 N.J. at 46. The New Jersey Supreme Court has explained that an amendment is curative if it does "not alter the act in any substantial way, but merely clarifie[s] the legislative intent behind the [previous] act." See Schiavo v. John F. Kennedy Hospital, 131 N.J. 400 (1993) (stating similarly that "the new statute [must be] intended simply to explain and to clarify the existing law rather than to change the meaning of the original law" (internal citations and quotation marks omitted)).

The amendment in this case changed the statute of limitations from two years to six years. Plaintiffs allege the amendment is

curative because it "expand[s] upon a preexisting statutory provision." Reply Br. at 6, n 2. Defendants argue the amendment to the statute of limitations is not curative given that it is a "300 percent expansion of the limitations period, likely implicating dozens of additional claims and a commensurate 300 percent increase in damages." Opp'n Br. at 6. The Court agrees with defendants' position and finds the subject change to the statute of limitations is not a "curative" amendment as has been defined by the Supreme Court of New Jersey. Further, other courts in this district have ruled, as does this Court, that the amendment is not curative and is not retroactive. See Vasquez v. Spain Inn, Inc., 2019 WL 5258197, at *3, n.6 (D.N.J. Oct. 17, 2019); see also Wang v. Chapei LLC, 2020 WL 468858, at *6, n.12 (D.N.J. Jan. 29, 2020); Buchspies v. Pfizer, Inc., 2019 WL 5078853, at *4, n.6 (D.N.J. Oct. 10, 2019). Therefore, the Court finds the amendment to the statute of limitations is not curative.

### 3. Expectations of the Parties

"The expectation of retroactive application should be strongly apparent to the parties in order to override the lack of any explicit or implicit expression of intent for retroactive application." See Johnson, 2014 N.J. Super. Unpub. LEXIS 2089, at *16 (citing James, 216 N.J. at 573). Defendants argue plaintiffs have not provided any evidence that Francesca's foresaw that the New Jersey legislature would expand the NJWHL's statute of

limitations or that it would expect the amendment to apply retroactively. Opp'n Br. at 6. The Court finds nothing in the record indicates that either of the parties foresaw the extension of the statute of limitations or expected the amendment to apply retroactively. Therefore, there is no basis for concluding that the expectations of the parties justify the retroactive application of the statute of limitations.

Because New Jersey law does not support the retroactive application of the amendment to the New Jersey Wage and Hour Law to pending litigation, the Court finds plaintiffs' proposed amendment is futile. Nothing in the language of the amended statute expressly or impliedly indicates it was intended to be applied retroactively, the amendment is not curative, and the expectations of the parties do not warrant retroactive application of the amendment. Since none of the exceptions to the rule of prospective application apply, the Court need not examine "'whether retroactive application . . . will result in either an unconstitutional interference with vested rights or a manifest injustice.'" See James, 216 N.J. at 563. The Court finds New Jersey law does not support the retroactive application of the six-year statute of limitation to pending claims and plaintiffs' proposed amendment is, therefore, futile.

**Conclusion**

     Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 28th day of May 2020, that plaintiffs'

"Motion to Amend/Correct Plaintiffs' Second Amended Complaint"

[Doc. No. 172] is DENIED.

                            s/ Joel Schneider
                            JOEL SCHNEIDER
                            United States Magistrate Judge